UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Linda Barnes, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 24-CV-1819 |
| | ) | |
| January Technologies, Inc., a Delaware | ) | |
| corporation, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Linda Barnes, brings this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331. Moreover, Defendant's extensive business dealings here make it subject to this Court's general jurisdiction.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; b) Defendant resides here; and c) Defendant transacts business here.

### PARTIES

3. Plaintiff, Linda Barnes ("Barnes"), is a citizen of the State of Massachusetts, from whom Defendant attempted to collect a defaulted consumer debt that she allegedly owed to Lending Club.

1

4. Defendant, January Technologies, Inc. ("January"), is a Delaware corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts. From its offices in New York City, Defendant January operates a defaulted debt collection business and attempts to collect debts from consumers in many states, Defendant January was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant January is authorized to conduct business in the State of New York and maintains its headquarters and a registered agent here, see, record from Department of State, attached as Exhibit A. In fact, Defendant January conducts extensive business in New York.

## FACTUAL ALLEGATIONS

6. Ms. Barnes is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including a consumer debt she allegedly owed to Lending Club; sometime after this debt went into default, Defendant January obtained for collection Ms. Barnes's account with Lending Club, and attempted to collect the debt by sending her a collection letter email on February 9, 2024, regarding payment of the debt. A copy of this collection email letter is attached as Exhibit B.

7. Accordingly, Ms. Barnes's attorneys at Legal Advocates for Seniors and People with Disabilities informed Defendant on February 12, 2024, that Ms. Barnes was represented by counsel, that she disputed the correctness of the debt, and

directed Defendant to cease contacting her, and to cease all further collection activities because Ms. Barnes was forced, by her financial circumstances, to refuse to pay her unsecured debt. A copy of this email letter is attached as Exhibit C.

8. Ms. Barnes's attorney's letter was sent to, and received by, Defendant January at the email address listed on its corporate website for contact and was not returned as undeliverable, see, screen-print of Defendant's website which is attached as Exhibit D.

9. Despite knowing Ms. Barnes was represented by counsel, and that she refused to pay the debt, Defendant continued its collection actions by emailing Ms. Barnes another collection letter on February 17, 2024, regarding collection of the debt. A copy of this email collection letter is attached as Exhibit E.

10. Accordingly, Ms. Barnes had to take additional time, effort and expense to have another attorney send Defendant a letter, dated February 26, 2024, demanding that Defendant stop its illegal collection actions. A copy of this letter is attached as Exhibit F.

## ARTICLE III STANDING

11. In enacting the FDCPA, Congress expressly set forth that the statute was intended to prevent "abusive practices":

> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to **invasions of individual privacy**.

See, 15 U.S.C. §1692(a) (Abusive Practices)(emphasis added).

12. To achieve those ends, §1692c of the FDCPA limits the manner in which debt collectors may communicate with consumers; specifically §1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2), while § 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer who has "notified a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer", see, 15 U.S.C. § 1692c(c).

13. Defendant's continued direct collection actions invaded Plaintiff's right to be represented by counsel and was a direct invasion of Ms. Barnes' legally-protected right to be left alone and her right to privacy – rights granted to consumers under the common law and § 1692c of the FDCPA.

14. Defendant's collection actions alarmed, confused and emotionally distressed Ms. Barnes, invaded her right to privacy, caused her to act to her detriment, and cost her time and out-of-pocket expenses.

15. Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

16. Plaintiff adopts and realleges ¶¶ 1-15.

17. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

18. Here, the letter from Plaintiff's attorneys to Defendant told it to cease communications and cease collections.  By directly communicating with Plaintiff via email, regarding collection of this debt, Defendant violated § 1692c(c) of the FDCPA.

19. Defendant's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II

### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

20. Plaintiff adopts and realleges ¶¶ 1-15.

21. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

22. Defendant knew, or readily could have known, that Plaintiff was represented by counsel in connection with her debt because her attorneys had given notice in writing, directly to Defendant, that Plaintiff was represented by counsel, and had directed a cessation of communications with Plaintiff.  By communicating

directly to Plaintiff, despite being advised that he was represented by counsel, Defendant violated § 1692c(a)(2) of the FDCPA.

23. Defendant's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Linda Barnes, prays that this Court:

1. Find that Defendant's collection practices violate the FDCPA;

2. Enter judgment in favor of Plaintiff Barnes, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

Linda Barnes,

By: s/ Brian Bromberg
One of Plaintiff's Attorneys

Dated: March 8, 2024

Brian L. Bromberg
Bromberg Law Office, P.C.
352 Rutland Road, #1
Brooklyn New York 11225
(212) 248-7906
brian@bromberglawoffice.com

David J. Philipps   (Ill. Bar No. 06196285) (pro hac vice pending)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
davephilipps@aol.com